### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### AT KANSAS CITY, KANSAS

| | |
|---|---|
| PATRICIA TIMM, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. |
| ) | |
| WALMART, INC., ) | |
| ) | |
| Defendant. ) | |

### **COMPLAINT**

COMES NOW Plaintiff, PATRICIA TIMM, by and through counsel, William L. Barr, Jr. and Bradley A. Pistotnik of Brad Pistotnik Law, P.A., and for Plaintiff's claims against Defendant, WALMART, INC. (WALMART), alleges and states:

1. Plaintiff, PATRICIA TIMM, is a citizen of Kansas.

2. This Court has proper venue and jurisdiction over the parties and subject matter.

3. Defendant, WALMART, INC. (WALMART), is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in a State outside the State of Kansas. Defendant, WALMART, is a corporation that maintains and operates retail stores at locations both in Kansas and throughout the United States. It may be served in Kansas at the office of its registered resident agent, The Corporation Company, Inc. located at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

5. Prior to and on May 13, 2019 Defendant, WALMART, was in the business of owning and

operating retail discount stores in Kansas and throughout the United States.

6. Prior to and on May 13, 2019 Defendant, WALMART, owned, maintained and operated a retail store open to the public at 2424 N. Taylor Ave, Garden City, KS 67846 Garden City, KS.

7. On May 13, 2019 Plaintiff, PATRICIA TIMM, was shopping as a business invitee in the produce section of the above-mentioned store owned by Defendant, WALMART, and was at all times herein relevant in the exercise of reasonable care for her own safety.

8. Prior to and on May 13, 2019 a mat in front of the vegetable display placed by Defendant, WALMART, employees, or its contractors or agents at the above-mentioned store had become saturated with water.

9. Prior to and on May 13, 2019 water had accumulated beneath the above-mentioned mat. As a result of this accumulation of water in the mat, it became a concealed slip hazard for shoppers in the produce area of the Defendant, WALMART.

10. On May 13, 2019 Plaintiff, PATRICIA TIMM, was standing on the above-mentioned mat in front of the vegetable display in the produce section of Defendant, WALMART.

11. At that time and place, Plaintiff reached for a vegetable and the mat beneath her feet slipped backwards proximately causing her to fall and suffer serious and permanent injuries.

12. At the abovementioned time and place and at all times herein relevant, the actions and omissions of the employees, agents and independent contractors of Defendant, WALMART were the actions and omissions of Defendant, WALMART, both individually and under the doctrines of *Respondeat Superior* and Vicarious Liability and were negligent, careless, and wanton and include, but were not limited to:

   a) Creating a dangerous slip hazard by allowing a water saturated mat to remain in a

       high traffic area;

   b) Allowing water to saturate a mat in a high traffic area;

   c) Concealing a dangerous slip hazard in a high traffic area of its store;

   d) Allowing a dangerous concealed slip hazard to exist in a high traffic area;

   e) Failing to remove a water saturated mat in a high traffic area;

   f) Failing to warn of accumulating water on the floor surface of it produce section;

   g) Failing to mop or wipe up accumulating water on the floor surface of its produce section during business hours;

   h) Failing to inspect the floor surface in its produce section for dangerous slip hazards;

   i) Failing to place signage warning its customers of the wet condition of its floor; and

   j) Was negligent and wanton in the operation and maintenance of its produce section in ways that will be disclosed during further discovery in this case.

13. As a proximate result of the wanton, negligent actions and omissions of the Defendant, WALMART, individually and by its employees, agents, independent contractors and servants plaintiff, PATRICIA TIMM, suffered cervical disc injuries, low back, pelvis and right shoulder pain and was otherwise injured and damaged. PATRICIA TIMM has undergone cervical disc surgery, been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, great medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future, Plaintiff will suffer with pain, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement and permanent disability.  For the aforementioned damages, Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

14. Plaintiff brings a claim for loss of consortium and loss of services suffered by her spouse.

WHEREFORE, Plaintiff, PATRICIA TIMM, prays for judgment against Defendant, WALMART, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her damages, for her costs incurred in bringing this action, and for such other and further relief as the Court deems just and equitable.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Bradley A. Pistotnik*
William L. Barr, Jr., # 26775
Bradley A. Pistotnik, #10626
10111 E. 21st Street North, Suite 204
Wichita, Kansas 67206
Ph: 316-684-4400 /Fax: 316-684-4405
bill@bradpistotniklaw.com
brad@bradpistotniklaw.com
*Attorney for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW Plaintiff and demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW Plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik, #10626